UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VINCENT ARTIS,

                        Plaintiff,

    v.

PHELPS MEMORIAL HOSPITAL ASSOCIATION, *and* NORTHWELL HEALTH

                        Defendants.

No. 23-CV-9827 (KMK)

ORDER

---

KENNETH M. KARAS, United States District Judge:

Plaintiff Vincent Artis ("Plaintiff"), proceeding pro se, brings this Action against Phelps Memorial Hospital Association and Northwell Health, Inc. ("Defendants") alleging race- and disability-based discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq., and the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL"). (*See* Compl. (Dkt. No. 1).)[1]  Before the Court is Plaintiff's Application for the Court to request pro bono counsel on his behalf. (Dkt. No. 21 ("Pl's App.").)  For the foregoing reasons, the Application is denied without prejudice.

## I.  Discussion

28 U.S.C. § 1915(e)(1) provides that the courts "may request an attorney to represent any person unable to afford counsel."  Unlike in criminal cases, there is no requirement that courts supply indigent litigants with counsel in civil cases.  *See Hodge v. Police Officers*, 802 F.2d 58,

---

[1] On March 26, 2024, the Court granted Plaintiff's application to proceed in forma pauperis, that is, without payment of fees. (*See* Memo Endorsement (Dkt. No. 22).)

60 (2d Cir. 1986).  Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant.  *Id.*; *see also Ceara v. Deacon*, No. 13-CV-6023, 2020 WL 8512861, at *1 (S.D.N.Y. Dec. 9, 2020).  Even if a court does believe that a litigant should have a pro bono lawyer, a court has no authority to "appoint" counsel but instead may only "request" that an attorney volunteer to represent a litigant.  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-310 (1989); *see also Drayton v. Young*, No. 17-CV-5440, 2020 WL 9458906, at *1 (S.D.N.Y. Nov. 24, 2020).  Moreover, courts do not have funds to pay counsel in civil matters.  Courts must therefore request the services of pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving.  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel.  *See* 802 F.2d at 61–62.  Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed IFP.  The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously."  *Id*. at 60–61.  If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*  "Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'"  *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*,

802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered.") (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

The Court assumes for the purposes of the instant Application that Plaintiff's claims have "some likelihood of merit" such that he satisfies *Hodge*'s threshold requirements. *See Johnston*, 606 F.3d at 41 (quotation marks omitted); *see also McCray v. Lee*, No. 16-CV-1730, 2020 WL 4229907, at *2 (S.D.N.Y. July 23, 2020) (assuming for the purpose of the application for pro bono counsel that the plaintiff's claims had "some likelihood of merit"); *Ahmad v. White Plains City Sch. Dist.*, No. 18-CV-3416, 2020 WL 3972274, at *3 (S.D.N.Y. July 14, 2020) (same). Plaintiff, however, has failed to demonstrate why the prudential factors warrant appointment of counsel.

To start, Plaintiff has not explained why he cannot "effectively prosecute [his] case." *See Fusco v. Cuomo*, No. 21-CV-1908, 2021 WL 2650511, at *2 (S.D.N.Y. June 28, 2021). While some of Plaintiff's claims may require more advanced legal analysis, *see Davidson v. NYC Health & Hospitals Corp.*, No. 22-CV-764, 2023 WL 8368887, at *2 (S.D.N.Y. Dec. 4, 2023) (suggesting that "allegations of retaliation" support a request for pro bono counsel), they do not "appear so overwhelmingly complex that [he] cannot be afforded a just determination without legal representation," *see Maldonado v. Candidus*, No. 97-CV-4794, 1998 WL 690817, at *1 (S.D.N.Y. Sept. 30, 1998). Indeed, Plaintiff's claims largely concern events that happened in his presence, (*see generally* Compl.), and therefore "do not appear to require outside investigation,"

3

*see Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009); *see also Goodson v. Sedlack*, No. 99-CV-10419, 2000 WL 278087, at *2 (S.D.N.Y. Mar. 14, 2000) (declining to appoint counsel where "[the] plaintiff ha[d] an intimate knowledge of the facts and circumstances which [were] the most relevant to [the] action"). In other words, it is unclear "what additional facts . . . could be gathered and investigated only through the aid of counsel." *Guzman v. Jacobson*, No. 98-CV-2865, 1999 WL 199068, at *1 (S.D.N.Y. Apr. 9, 1999).

Moreover, Plaintiff has not discussed his efforts to obtain counsel. *See Jackson v. Stewart*, No. 22-CV-7476, 2023 WL 2919036, at *3 (S.D.N.Y. Apr. 12, 2023) (denying a request for pro bono counsel because the plaintiff had failed to show that he was unable to locate counsel). Plaintiff was previously represented by counsel who has since withdrawn by mutual agreement. (*See* Order (Dkt. No. 18) (granting Plaintiff's former attorney's application to withdraw).)[2] But Plaintiff has not addressed his efforts to obtain counsel since then. (*See generally* Pl's App.) And such efforts cannot be presumed; Plaintiff must demonstrate that he "made a reasonably diligent effort under the circumstances." *See Morris*, 2014 WL 1053658, at *2; *see also Moritz v. Town of Goshen*, No. 15-CV-5424, 2015 WL 13877589, at *1 (S.D.N.Y. Dec. 22, 2015) (denying an application when it was "unclear how many lawyers [the pro se defendant] ha[d] contacted").

---

[2] Withdrawal of counsel can influence a later application for pro bono representation. For instance, where a client "discharge[s] [counsel] because of a [mere] disagreement" about strategic decisions, the client's "difficulty in obtaining counsel is the result of his own decision," and courts generally will not "relieve [the client] of the consequences of [that] decision." *See LS Home Servs., Inc. v. Blackman Plumbing Supply Co.*, No. 10-CV-1984, 2012 WL 13098292, at *1 (E.D.N.Y. Nov. 2, 2012). It is unclear how Plaintiff's representation factors in here, however, as Plaintiff just states that his former attorney "wanted [him] to do something extremely [d]amaging to Phelps hospital and to [him]self that [he] would [n]ot do." (Pl's App. 2.)

4

Finally, Plaintiff has not presented any other, special circumstances that warrant the appointment of counsel. In his application, Plaintiff simply states that: "I am a struggling American who is looking for [j]ustice. I am [n]ot a lawyer, and I [n]eed a lawyer to win my case and claim." (Pl's App. 2.) While the Court sympathizes with Plaintiff's predicament, a plaintiff's "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel." *Tramun v. Ocasio DDS*, No. 11-CV-6061, 2012 WL 1142452, at *1 (S.D.N.Y. Apr. 4, 2012); *see also West v. Brickman*, No. 07-CV-7260, 2008 WL 330373, at *2 (S.D.N.Y. Aug. 6, 2008) (noting that a "lack of knowledge in civil law" does not justify a request for counsel (alteration omitted)). And Plaintiff offers no other material explaining why the appointment of counsel "would be more likely to lead to a just determination" in this case. *See Hodge*, 802 F.2d at 62.

Accordingly, Plaintiff's Application is denied without prejudice. Plaintiff may renew his request and provide the Court with additional information regarding any change of circumstances that would support a renewed application.

II.  Conclusion

For the aforementioned reasons, Plaintiff's Application is denied without prejudice.  The Clerk of Court is respectfully directed to terminate the pending motion, (Dkt. No. 21), and to mail a copy of this Order to Plaintiff at the address listed on the docket.

SO ORDERED.

Dated:   March 27, 2024
         White Plains, New York

------

KENNETH M. KARAS
United States District Judge