UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

VINCENT ARTIS,

                      Plaintiff,                        **ORDER**

      -against-                           23 Civ. 9827 (KMK) (AEK)

PHELPS MEMORIAL HOSPITAL
ASSOCIATION and NORTHWELL HEALTH,

                      Defendants.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      This order memorializes the issues addressed and the rulings made during the November 12, 2025, discovery hearing before Judge Krause.

      1.      The Court addressed the issues raised in the letters filed at ECF Nos. 82, 86, and 87.

           a.      The Court extended Defendants' time to serve their responses to the revised versions of Plaintiff's document requests 2, 5, 6, 8, and 9 (*see* ECF No. 85) to **November 21, 2025**. The Court ordered Defendants to include their formal written response to Plaintiff's document request 3 in the responses they serve on Plaintiff.

           b.      The Court extended Plaintiff's time to serve his Rule 26(a) disclosures to **November 21, 2025**.

           c.      With respect to Defendants' requests regarding Plaintiff's medical, diagnostic, and therapeutic records (document requests 17, 28, 31, 32, 33, 42, and 43; interrogatories 12, 13, and 20), the Court ordered that by **November 21, 2025**, Plaintiff must provide authorizations for (i) his mental health records for any treatment that he received **from May 16, 2022 to the present**; and (ii) his medical records for any treatment that he received

**from January 1, 2021 to the present**.  If Defendants can establish a sufficient basis, Defendants may seek to have the Court expand the time periods for which mental health and medical records may be obtained.  The Court will separately issue a confidentiality and protective order to govern the use of these and other confidential records in this litigation.  The Court further ordered that any mental health or medical records obtained by counsel for Defendants via authorizations and/or subpoenas are automatically designated as confidential pursuant to the confidentiality and protective order.

        d.      With respect to Defendants' requests regarding relevant communications on Plaintiff's personal devices (document requests 5, 10, and 30), the Court ordered that Plaintiff must search for and produce, by **December 12, 2025**, any written records of telephone conversations, any text messages, and/or any emails between Plaintiff and any current or former employee of Defendants (i) "relating to, supporting, or concerning Plaintiff's employment with Phelps or any allegations in the Complaint" (document request 5); (ii) "relating to any factual matter that is the subject of the causes of action contained in the Complaint" (document request 10); and (iii) "relating to or concerning the job duties described or set forth in Plaintiff's job description" (document request 30)—or else inform Defendants in writing that he does not have any.  The Court sustained Plaintiff's objection to Defendants' interrogatory 16 as overbroad and unlikely to yield relevant information.

        e.      With respect to Defendants' requests regarding employment and mitigation efforts (document requests 41 and 44; interrogatory 17), the Court found that the document requests were overbroad and that Defendants could ask Plaintiff about his mitigation efforts at his deposition.  Plaintiff stated on the record at the conference that he was too injured from his employment with Defendants to seek other employment thereafter, and confirmed that

he has not had any other employment since the conclusion of his employment at Phelps / Northwell. He also stated that he has been awarded, and recently began receiving, Social Security disability benefits. The Court ordered Plaintiff to produce documents showing what benefits he is receiving from the Social Security Administration, such as the letter awarding such benefits, by **December 12, 2025**.

        f.      With respect to Defendants' requests regarding Plaintiff's litigation history (document request 50; interrogatory 21), the Court ordered that by **December 12, 2025**, Plaintiff must provide Defendants with a list of any court, administrative, and/or agency complaints or actions that Plaintiff has filed regarding mistreatment by an employer.

        g.      With respect to Defendants' requests regarding Plaintiff's social media communications/history (document request 4; interrogatory 22), the Court ordered Plaintiff to search for and produce, by **December 12, 2025**, any social media posts regarding his employment with Defendants and/or his complaint in this case.

    2.    The Court **denied** Plaintiff's oral application to have the undersigned recuse himself from this case. The Court explained that displeasure with a judge's rulings is not a basis for seeking that judge's recusal.

    3.    The Court extended the discovery deadlines as follows: (i) the deadline for the completion of all fact depositions is extended to **January 15, 2026**; and (ii) the deadline for Plaintiff's expert disclosure(s) is extended to **January 22, 2026**.

    4.    The Court ordered that **by no later than December 5, 2025**, the parties must meet and confer regarding any objections Plaintiff has to Defendants' responses to the revised versions of Plaintiff's document requests 2, 5, 6, 8, and 9.

5.  The Court ordered that **by no later than December 10, 2025**, Plaintiff must file a letter regarding any outstanding discovery disputes. Defendants must file their letter in response **by no later than December 17, 2025**.

4.  The Court adjourned the matter to **Monday, December 22, 2025, at 11:00 a.m.** for an in-person status conference.

The Clerk of Court is respectfully directed to mail a copy of this order to the *pro se* Plaintiff.

Dated: November 13, 2025
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge