UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

VINCENT ARTIS                                        Motion to Extend Discover:

  Plaintiff                                          7:23-cv-09827-KMK

  -against-

PHELPS HOSPITAL ASSOCIATION et, al,

  Defendants

-------------------------------------------------------X

I (Vincent Artis) am not a lawyer nor do I practice law.

I would like all the phone records, texts, e-mails, curriers, and social media of the following individuals: Assistant Director Tony, Director Mario, Supervisor Diego, and Jeff Meat.

DEMONSTRATE GOOD CAUSE:

(1) If you look at my original complaint, Tony and Diego admitted that I do goo work in my retaliation claim. (Phelps said my work was not good)

(2) Vincent Artis is still on probation even when he finished the extended probation, he asked Director Mario and his boss Jeff meat and they didn't answer.

(3) Looking at 1 and 2, it is saft to say all 4 people conspired against Vincent Artis, and that means these individuals had to keep the presser on me.

(4) The EEOC brought up a discrimination claim and Northwell admitted to it.

(5) Assistant Director and Director Mario have gotten fired.

(6) I am not a lawyer nor do I practice law. I did not know I could ask for that type of Discovery until Defendants lawyer asked for that against me,

My arguments with case law:
In McMahan v. New York Organ Donor Network Inc; No. 156669/12,2016 WL 1251204(NY Sup. CT Mar. 28, 2016)

Personal records must be disclosed, at least to the extent of requiring an in camera inspection by the court, ,whenever there is a reasonable possibility that these files contain relevant and material documents.....

Lets look at another case:

Ladson v. Ulltra East Parking Corp, 878 F. Supp 25 (S.D.N.Y. 1995)

This was a real dirty case, and as ugly as it can get. But, it shows the importancy of seeing employees records especially when it comes to Retaliation and Discrimination cases, which my case falls under. The case states that :All must be shown is that the Discovery requested possibly might be relevant. Henderson v. National R.R Passenger Corp 113 F.R.D 502, 506, (No 111 1986) OR! Is reasonably calculated to lead to the Discovery of admissible evidence. Fed. R. Civ Proc 26((b)(1) Rozier v. ford motors Co. 573 F2d 1332, 1342-43

In conclusion:

I would like to have a hearing on this matter.

Sincerely

Vincent Artis Pro-se

7:23-cv-09827-KMK

11/17/25

*[signature: Vincent Artis]*

> The Court will address this motion, as well as any disputes that the parties raise in their discovery dispute letters, which are to be filed by December 10, 2025, at the in-person status conference scheduled for December 22, 2025. Defendants may respond to this motion in any letter they file on December 10, 2025.
>
> The Clerk of Court is respectfully directed to mail a copy of this memo endorsed order to the *pro se* Plaintiff.
>
> Dated: November 26, 2025

SO ORDERED.

*[signature: Andrew Krause]*

_____

ANDREW E. KRAUSE

United States Magistrate Judge