UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

VINCENT ARTIS,

                          Plaintiff,                    **ORDER**

          -against-                                     23 Civ. 9827 (KMK) (AEK)

PHELPS MEMORIAL HOSPITAL
ASSOCIATION and NORTHWELL HEALTH,

                          Defendants.
--------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

This order memorializes the issues addressed and the rulings made during the December 22, 2025, discovery hearing before Judge Krause.

1.     This Court addressed the issues raised in ECF Nos. 93 and 98.

2.     This Court explained that even though Plaintiff has submitted objections to Judge Karas regarding this Court's prior rulings, Plaintiff must comply with the discovery orders issued by this Court unless and until there is a stay of those obligations pending the resolution of Plaintiff's objections.  *See, e.g.*, *Lytton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 124 F.R.D. 75, 78-79 (S.D.N.Y. 1989); *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, No. 18-cv-1781 (PGG) (BCM), 2021 WL 1080673, at *2 (S.D.N.Y. Mar. 5, 2021).[1]

Plaintiff asked this Court to grant a stay pending Judge Karas's ruling on the objections. This Court denied that application because (i) this Court sees no basis to set aside any of the prior discovery rulings; and (ii) a stay would interfere with the parties' ability to meet the

---

[1] In accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009), and Local Civil Rule 7.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, copies of this unpublished case is being simultaneously mailed to the *pro se* Plaintiff along with this Order.

remaining discovery deadlines in this case.  This Court explained to Plaintiff that if he wants to continue to seek a stay of his obligations to comply with this Court's orders, then he must make a request to the Judge Karas, particularly since the case management plan issued by Judge Karas provides that "[t]here will be no extensions of the deadline for completion of discovery past the date discovery is scheduled to be completed in this Order without the permission of the Court, nor should counsel [or *pro se* parties] assume that any extensions will be granted . . . ."  ECF No. 74 ¶ 15.

       3.      With respect to Plaintiff's supplemental discovery requests set forth in ECF No. 93 (captioned as a "Motion to Extend Discover[y]"), Defendants must provide their written responses and objections by **December 24, 2025**.

       4.      This Court extended to **January 9, 2026**, Plaintiff's deadline to produce all of the following items he was ordered to produce at the November 12, 2025 conference (as memorialized in the Order at ECF No. 91):

       a.      authorizations for (i) Plaintiff's mental health records for any treatment that he received from May 16, 2022 to the present; and (ii) Plaintiff's medical records for any treatment that he received from January 1, 2021 to the present;

       b.      any written records of telephone conversations, any text messages, and/or any emails between Plaintiff and any current or former employee of Defendants (i) "relating to, supporting, or concerning Plaintiff's employment with Phelps or any allegations in the Complaint" (document request 5); (ii) "relating to any factual matter that is the subject of the causes of action contained in the Complaint" (document request 10); and (iii) "relating to or concerning the job duties described or set forth in Plaintiff's

job description" (document request 30)—or else inform Defendants in writing that he does not have any;

      d.     documents showing what benefits Plaintiff is receiving from the Social Security Administration, such as the letter awarding such benefits;

      e.     a list of any court, administrative, and/or agency complaints or actions that Plaintiff has filed regarding mistreatment by an employer; and

      f.     any social media posts regarding his employment with Defendants and/or his complaint in this case.

5.     This Court ordered Plaintiff to file a letter by **January 9, 2026** regarding why Defendants' response to Plaintiff's document request number 3 (regarding the EEOC) is deficient, and ordered Defendants to file their letter in response by **January 14, 2026**.

6.     This Court reiterated that as of now, the current discovery deadlines remain (i) **January 15, 2026** for the completion of all fact depositions; and (ii) **January 22, 2026** for Plaintiff's expert disclosure(s).

7.     This Court discussed the possibility of an extension of the discovery deadlines, and reminded the parties that any application for the extension of the overall deadlines must be made to Judge Karas.

8.     This Court ordered the parties to file their own separate status reports regarding the status of discovery by **January 23, 2026**.

9.     This Court adjourned the matter without scheduling another conference.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 93.

Dated:  December 23, 2025
        White Plains, New York

                                        **SO ORDERED.**

                                        _____
                                        ANDREW E. KRAUSE
                                        United States Magistrate Judge

Chambers staff mailed a copy of this order to the *pro se* Plaintiff.