UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

VINCENT ARTIS,

                          Plaintiff,                    **ORDER**

        -against-                              23 Civ. 9827 (KMK) (AEK)

PHELPS MEMORIAL HOSPITAL
ASSOCIATION and NORTHWELL HEALTH,

                          Defendants.
--------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

       This Order addresses only those issues raised in Plaintiff's letter dated December 31, 2025 (ECF No. 106).

       1.      Plaintiff submitted a letter to this Court, dated December 31, 2025 (ECF No. 106), indicating that he understood that his deadline to provide certain outstanding discovery was January 15, 2026, and not January 9, 2026.  This is not correct.  The deadline set for Plaintiff to provide the outstanding discovery items listed in Paragraph 4 of this Court's order at ECF No. 100 was January 9, 2026.  The January 15, 2026 deadline discussed at the conference, and memorialized in ECF No. 100, was the prior deadline for completion of fact depositions—a deadline that has since been extended by Judge Karas.  This Court will treat Plaintiff's December 31, 2025 letter as an application to extend his deadline to provide the discovery items listed in Paragraph 4 of this Court's order at ECF No. 100, and this Court hereby GRANTS the extension. Plaintiff's deadline to provide the outstanding discovery items listed in Paragraph 4 of ECF No. 100 is extended to **January 16, 2026**.

       2.      As for Plaintiff's request for a conference in the December 31, 2025 letter, this Court will not schedule a separate conference to preside over the exchange of discovery

materials, or the signing of required authorization documents.  That said, if Plaintiff is not comfortable "signing papers from Defendants lawyer by e-mail," then Plaintiff may print out the authorizations, sign those authorizations in ink, and return the authorizations to defense counsel via U.S. Mail.  Plaintiff can also provide a copy of those signed authorizations to this Court via U.S. Mail for this Court to maintain in its files in case there are any disputes in the future about the authorizations.

A copy of this Court's Order at ECF No. 100 (a four-page order dated December 23, 2025) is attached to this order as Exhibit A for ease of reference.

Dated: January 9, 2026
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

Chambers staff mailed a copy of this order to the *pro se* Plaintiff.

2

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

VINCENT ARTIS,

                        Plaintiff,                **ORDER**

        -against-                    23 Civ. 9827 (KMK) (AEK)

PHELPS MEMORIAL HOSPITAL
ASSOCIATION and NORTHWELL HEALTH,

                        Defendants.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

This order memorializes the issues addressed and the rulings made during the December 22, 2025, discovery hearing before Judge Krause.

1.      This Court addressed the issues raised in ECF Nos. 93 and 98.

2.      This Court explained that even though Plaintiff has submitted objections to Judge Karas regarding this Court's prior rulings, Plaintiff must comply with the discovery orders issued by this Court unless and until there is a stay of those obligations pending the resolution of Plaintiff's objections.  *See, e.g.*, *Lytton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 124 F.R.D. 75, 78-79 (S.D.N.Y. 1989); *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, No. 18-cv-1781 (PGG) (BCM), 2021 WL 1080673, at *2 (S.D.N.Y. Mar. 5, 2021).[1]

Plaintiff asked this Court to grant a stay pending Judge Karas's ruling on the objections. This Court denied that application because (i) this Court sees no basis to set aside any of the prior discovery rulings; and (ii) a stay would interfere with the parties' ability to meet the

---

[1] In accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009), and Local Civil Rule 7.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, copies of this unpublished case is being simultaneously mailed to the *pro se* Plaintiff along with this Order.

remaining discovery deadlines in this case.  This Court explained to Plaintiff that if he wants to

continue to seek a stay of his obligations to comply with this Court's orders, then he must make a

request to the Judge Karas, particularly since the case management plan issued by Judge Karas

provides that "[t]here will be no extensions of the deadline for completion of discovery past the

date discovery is scheduled to be completed in this Order without the permission of the Court,

nor should counsel [or *pro se* parties] assume that any extensions will be granted . . . ."  ECF No.

74 ¶ 15.

        3.        With respect to Plaintiff's supplemental discovery requests set forth in ECF No.

93 (captioned as a "Motion to Extend Discover[y]"), Defendants must provide their written

responses and objections by **December 24, 2025**.

        4.        This Court extended to **January 9, 2026**, Plaintiff's deadline to produce all of the

following items he was ordered to produce at the November 12, 2025 conference (as

memorialized in the Order at ECF No. 91):

        a.        authorizations for (i) Plaintiff's mental health records for any treatment

that he received from May 16, 2022 to the present; and (ii) Plaintiff's medical records for

any treatment that he received from January 1, 2021 to the present;

        b.        any written records of telephone conversations, any text messages, and/or

any emails between Plaintiff and any current or former employee of Defendants (i)

"relating to, supporting, or concerning Plaintiff's employment with Phelps or any

allegations in the Complaint" (document request 5); (ii) "relating to any factual matter

that is the subject of the causes of action contained in the Complaint" (document request

10); and (iii) "relating to or concerning the job duties described or set forth in Plaintiff's

job description" (document request 30)—or else inform Defendants in writing that he does not have any;

       d.     documents showing what benefits Plaintiff is receiving from the Social Security Administration, such as the letter awarding such benefits;

       e.     a list of any court, administrative, and/or agency complaints or actions that Plaintiff has filed regarding mistreatment by an employer; and

       f.     any social media posts regarding his employment with Defendants and/or his complaint in this case.

5. This Court ordered Plaintiff to file a letter by **January 9, 2026** regarding why Defendants' response to Plaintiff's document request number 3 (regarding the EEOC) is deficient, and ordered Defendants to file their letter in response by **January 14, 2026**.

6. This Court reiterated that as of now, the current discovery deadlines remain (i) **January 15, 2026** for the completion of all fact depositions; and (ii) **January 22, 2026** for Plaintiff's expert disclosure(s).

7. This Court discussed the possibility of an extension of the discovery deadlines, and reminded the parties that any application for the extension of the overall deadlines must be made to Judge Karas.

8. This Court ordered the parties to file their own separate status reports regarding the status of discovery by **January 23, 2026**.

9. This Court adjourned the matter without scheduling another conference.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 93.

Dated:  December 23, 2025
        White Plains, New York

                                    **SO ORDERED.**


                                    _____
                                    ANDREW E. KRAUSE
                                    United States Magistrate Judge


Chambers staff mailed a copy of this order to the *pro se* Plaintiff.