UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

VINCENT ARTIS,

                          Plaintiff,                    **ORDER**

        -against-                             23 Civ. 9827 (KMK) (AEK)

PHELPS MEMORIAL HOSPITAL
ASSOCIATION and NORTHWELL HEALTH,

                       Defendants.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

The Court issued an order on January 23, 2026, in which it set forth a procedure for having Plaintiff sign authorizations to obtain his medical and mental health records. *See* ECF No. 118. This order was designed to provide a pathway for Plaintiff to comply with the Court's earlier orders requiring him to provide these authorizations, while addressing certain concerns that Plaintiff had raised. ECF Nos. 91, 100, 115. The parties did not follow this procedure, however, apparently because Plaintiff had provided a version of signed authorizations to defense counsel prior to the order having been issued.

The Court learned of this because, on the same day that the January 23, 2026 order was issued, Defendants filed a letter, which attached authorizations that Plaintiff had signed and provided to counsel for Defendants on January 15, 2026, prior to the issuance of the January 23, 2026 order. *See* ECF No. 119. Though Plaintiff did sign these authorizations, he left blank the space on each form—in the upper left hand corner, where the word "TO" appears—that is meant to include the name and address of the healthcare provider upon whom the particular authorization is to be served. *See id.*

Plaintiff filed a responsive letter, also on January 23, 2026, in which he stated that the Court's order—presumably referring to the orders at ECF Nos. 91 and 100—did not direct him "to supply the names of all the doctors I have seen," it only ordered him "to sign papers to release my mental and physical health (which I did) . . . ." ECF No. 123. Plaintiff further stated that he had "added new evidence in the court, a Physical and Mental permanent injury report with doctor's name on it, so that should help [Defendants] out." *Id.*

On January 28, 2026, Plaintiff filed another letter in which he reiterated that he believed had followed the Court's order by signing the authorizations, without including the names and addresses of his medical and mental health providers, because the Court's order did not specifically direct him to provide those names and addresses. *See* ECF No. 124. Plaintiff added that he would be "using both doctors that gave me a permanent injury reports [*sic*] as my expert witness as well as the people in my mental health program that I go to daily," and attached another piece of evidence with the name of that mental health provider. *Id.*

Plaintiff's interpretation of the Court's November 13, 2025 (ECF No. 91) and December 23, 2025 (ECF No. 100) orders regarding authorizations is too narrow. The Court ordered Plaintiff "to produce . . . authorizations for (i) Plaintiff's mental health records for any treatment he received from May 16, 2022 to the present; and (ii) Plaintiff's medical records for any treatment that he received from January 1, 2021 to the present." *See* ECF Nos. 91, 100. The requirement that Plaintiff "produce . . . authorizations" did not mean that Plaintiff should simply sign incomplete authorization forms. An authorization form is only complete when the person filling out the authorization (in this case, Plaintiff) includes the name and address of the healthcare provider and signs the authorization. A signed authorization that does not include the name and address of the healthcare provider is incomplete, and cannot be used to obtain the

2

required records.  While the Court did not believe its earlier orders to have been unclear, because Plaintiff is proceeding *pro se* in this matter, the Court will extend the benefit of the doubt and presume that Plaintiff genuinely did not understand that he was required to provide the names and addresses of his healthcare providers as part of producing complete authorizations.

Now that this point has been clarified, Plaintiff must produce complete authorizations to Defendants' counsel that include all of the relevant information.  Defendants' counsel must re-send to Plaintiff a sufficient number of blank authorization forms, using the same format and language as those previously provided to Plaintiff, **by no later than February 20, 2026**.  The Court has reviewed the contents of the authorization forms that Defendants' counsel previously provided, *see* ECF No. 119, and finds the contents of those authorization forms to be satisfactory and consistent with the authorized scope of discovery and the Court's prior orders.  Plaintiff must provide a *separate* authorization—with the name and address of the provider, and with Plaintiff's signature—for *each* mental health provider from whom he received treatment from May 16, 2022 to the present, and from *each* medical provider from whom he received treatment from January 1, 2021 to the present.  Plaintiff must provide these completed authorization forms to Defendants' counsel **by no later than February 27, 2026.**

The Clerk of Court is directed to mail a copy of this order to the *pro se* Plaintiff.

In addition, counsel for Defendants is directed to send a copy of this order to Plaintiff via email, and to file proof of service on the docket.

Dated:  February 13, 2026
　　　White Plains, New York

                              **SO ORDERED.**

                              _____
                              ANDREW E. KRAUSE
                              United States Magistrate Judge