UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

VINCENT ARTIS,

                         Plaintiff,                        **ORDER**

             -against-                        23 Civ. 9827 (KMK) (AEK)

PHELPS MEMORIAL HOSPITAL
ASSOCIATION and NORTHWELL HEALTH,

                         Defendants.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

In a February 24, 2026 application filed by Plaintiff, he requests that the Court issue

deposition subpoenas for seven individuals, all of whom he claims either were or still are

employed by Defendants.  *See* ECF No. 130 ("Subpoena App.").  In the Subpoena App., Plaintiff

further requests that the depositions be held at Phelps Hospital.  *Id.*

In a responsive letter filed on February 25, 2026, *see* ECF No. 131, Defendants raise a

number of issues with respect to Plaintiff's application.

**First**, Defendants note that three of the seven witnesses Plaintiff wants to depose—Mario

Pensabene, Jeffrey Meade, and Melanie Lopez—no longer work for Defendants.  Therefore,

"[w]hile Defendants do not object to Plaintiff serving subpoenas upon these individuals,

Defendants' counsel cannot accept service of the subpoenas on behalf of Defendants and do not

have control over them for purposes of compelling their appearance at deposition."  ECF No.

131 at 1.  Rather, Defendants argue that Plaintiff must serve subpoenas on these three former

employees in accordance with Rule 45 of the Federal Rules of Civil Procedure.  *Id.*  Rule 45

"provides for the issuance of subpoenas to take depositions of non-parties."  *McCray v. Ayers*,

No. 13-cv-949, 2015 WL 2095760, at *3 (W.D.N.Y. May 5, 2015).[1]  Where, as here, Plaintiff

has been granted permission to proceed *in forma pauperis* ("IFP"), *see* ECF No. 22, he is

"entitled to have any subpoenas served by the U.S. Marshal . . . ," *McCray*, 2015 WL 2095760,

at *3.  "However, the IFP status does not relieve the plaintiff from having to pay the witness

fees, mileage[,] as well as the costs associated with the recordation and transcription of the

deposition." *Id.* at *4.  Therefore, if Plaintiff is interested in proceeding with depositions of non-

parties Pensabene, Meade, and Lopez, and is willing to incur the associated costs, he will have to

prepare subpoenas, which must include the witnesses' addresses for purposes of service, and the

location where the deposition is to take place, so that the subpoenas can be served by the U.S.

Marshal.  Attached to this order is a sample blank form of a "Subpoena to Testify at a Deposition

in a Civil Action" that Plaintiff may use for each of these witnesses.[2]

**Second**, Defendants oppose Plaintiff's designation of Phelps Hospital as the location for

the depositions he wants to take, noting that they "are under no obligation to allow Plaintiff on

their premises to take these depositions."  ECF No. 131 at 2.  Defendants are correct that they are

not required to make space available at Phelps Hospital for Plaintiff to take depositions.  But

Plaintiff still has other options.  As the Court made clear in its February 20, 2026 order issued in

connection with the location of Plaintiff's deposition, Plaintiff "would also be permitted to take

depositions using the same room at the federal courthouse, but he would have to make his own

arrangements—and pay his own expenses—for the recording and transcription of the

---

[1] The Court has attached to this Order copies of the two cases cited in the Order that are only available via electronic databases.

[2] Defendants state that they will accept service of deposition notices for the other four individuals—Diego Cardillo, Antonio Acosta, Maria Bueti, and Kevin Cepelak—all of whom are current employees of Defendants.  *See* ECF No. 131 at 2.

2

depositions." ECF No. 127.[3]  The Court reiterates that Plaintiff may use the room at the federal

courthouse in White Plains for any depositions he wants to take.  To do so, however, Plaintiff, in

consultation with Defendants' counsel, must determine the dates and times at which such

depositions will be taken and then submit a request to the Court for the use of the room.

 **Third**, Defendants note that Plaintiff has informed them that he "plans to record the

depositions himself instead of using a court reporter."  ECF No. 131 at 2.  Defendants add that

> [p]ursuant to Federal Rules of Civil Procedure 28 and 30, any deposition
> that Plaintiff seeks to take must be taken before an officer authorized to
> administer oaths (or a person appointed by the Court).  The officer must
> (among other things) place the witness under oath, supervise the record,
> and certify the accuracy of the transcript or recording.  Furthermore,
> because Plaintiff is a party to this case, he cannot serve as that officer.  *See*
> Fed. R. Civ. P. 28 & 30.  Accordingly, Plaintiff cannot record the
> deposition himself and cannot use that recording as the official deposition
> record.

*Id.*  "Unless the parties stipulate otherwise, Plaintiff may not depose any party or non-party

outside of the presence of 'an officer appointed or designated under Rule 28' of the Federal

Rules of Civil Procedure."  *Herbert v. SanFeliz*, No. 22-cv-4299 (KMK) (JCM), 2025 WL

3205514, at *3 (S.D.N.Y. Nov. 17, 2025) (citing Fed. R. Civ. P. 30(b)(5)(A)).  "In addition, there

must be an authorized officer . . . or otherwise appropriate person present to audio-record or

videotape the deposition."  *Id.* (citing Fed. R. Civ. P. 30(c)(1) and Fed. R. Civ. P. 28(c)).

Accordingly, "Plaintiff cannot audio-record the depositions without an authorized officer as

defined in Rule 28."  *Id.* (citing Fed. R. Civ. P. 30).

---

[3] Defendants note that their counsel offered the use of their offices in New York City for
any depositions that Plaintiff wants to take, *see* ECF No. 131 at 2, but it seems unlikely that
Plaintiff would want to do that since he did not want to travel to Defendants' counsel's office for
his own deposition.

**Finally**, the Court reiterates that if Plaintiff wants to take depositions, he must pay the cost of recording and transcribing them.  *See* ECF No. 127 at 2; *see also Herbert*, 2025 WL 3205514, at *3 ("Plaintiff is responsible for his own discovery costs, and there is no requirement that Defendants or the Court pay for these expenses.").

\* \* \* \* \* \* \* \* \* \*

Based on the foregoing, on or before **March 9, 2026**, Plaintiff must file a letter addressed to Judge Krause, notifying the Court (1) whether he intends to proceed with the depositions of the witnesses still employed by Defendants (Diego Cardillo, Antonio Acosta, Maria Bueti, and Kevin Cepelak); and (2) whether he intends to proceed with the depositions of the witnesses no longer employed by Defendants (Mario Pensabene, Jeffrey Meade, and Melanie Lopez).  If he intends to proceed with the depositions of current employees Cardillo, Acosta, Bueti, and Cepelak, then Plaintiff must confer with Defendants' counsel about possible dates for their depositions *prior to* filing the March 9 letter.  In the March 9 letter, Plaintiff must inform the Court whether he needs to use the room at the federal courthouse in White Plains for the depositions; if so, then he must provide the Court with the dates and times when he wants to take the depositions so that the Court can determine whether the room is available for this purpose.

The Court notes that the current deadline for the completion of fact discovery is March 16, 2026.  *See* ECF No. 103.  If Plaintiff intends to take any depositions, then on or before **March 9, 2026**, he must file a second letter, addressed to Judge Karas, requesting an extension of the discovery deadlines set forth in ECF No. 103.

The Clerk of Court is directed to mail a copy of this order to the *pro se* Plaintiff.

4

In addition, counsel for Defendants is directed to send a copy of this order to Plaintiff via email, and to file proof of service on the docket.

Dated:  March 3, 2026
        White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

|  |  |  |
|---|---|---|
|  | ) |  |
| *Plaintiff* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
| *Defendant* | ) |  |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:

_____

*(Name of person to whom this subpoena is directed)*

❏ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
|  |  |

The deposition will be recorded by this method: _____

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  |  |
|---|---|
| *CLERK OF COURT* |  |
|  | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _0.00_ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

2015 WL 2095760
Only the Westlaw citation is currently available.
United States District Court,
W.D. New York.

Terence Sandy McCRAY, Plaintiff,
v.
Co AYERS, New York State Department of
Corrections, and Co Rosia, New York State
Department of Corrections, Defendants.

No. 13–CV–0949W(Sc).
|
Signed May 5, 2015.

**Attorneys and Law Firms**

Terence Sandy McCray, Ossining, NY, pro se.

George Michael Zimmermann, Office of the New York State Attorney General, Buffalo, NY, for Defendants.

Report & Recommendation and Decision & Order

HUGH B. SCOTT, United States Magistrate Judge.

**\*1** There are various motions pending before the Court in this case, including the plaintiff's motion for summary judgment (Docket No. 37), the defendant's motion to stay summary judgment (Docket No. 39), the plaintiff's motions to appoint counsel (Docket No. 44 and 50), and the plaintiff's motion to amend. (Docket No. 55).

**Background**

The plaintiff, Terence Sandy McCray ("McCray") commenced this action in the Northern District of New York against numerous defendants including the City of Albany, various prosecutors, probation officers, police officers, as well as corrections officers Jenkins, Ayers, Roshia, Callieri and Fischer employed by the New York State Department of Corrections and Community Supervision ("DOCCS"). (Docket No. 1). The plaintiff claimed that he had been wrongfully convicted and asserted various civil rights and negligence claims. (Docket No. 1 at pages 10–14). The plaintiff then filed an Amended Complaint (Docket No. 23).[1] The Amended Complaint named the same defendants but

included more allegations and set forth claims of false arrest (Docket No. 23, page 10), intentional infliction of emotional distress (Docket No. 23, pages 10 and 69), abuse of process (Docket No. 23, pages 12 and 73), negligence (Docket No. 23, page 12), negligent misrepresentation (Docket No. 23, pages 14 and 77), denial of due process (Docket No. 23, pages 14, 78 and 83), violation of "Monell/42 U.S.C. § 1983" against the City of Albany (Docket No. 23, pages 14, 86 and 90), negligent hiring (Docket No. 23, pages 14 and 98), sexual assault relating to a pat frisk (Docket No. 23 at page 65), fraud (Docket No. 23, page 74), and cruel and unusual punishment in violation of the Eighth Amendment (Docket No. 23 at page 99).

[1] The plaintiff submitted the Amended Complaint in several installments. The Court in the Northern District directed that the installments be compiled into one document and filed as the Amended Complaint. (Docket No. 22).

District Judge Glenn Suddaby of the Northern District of New York severed the claims as asserted against the DOCCS corrections officers and transferred those claims to this Court. (Docket No. 26). Upon initial review in the Western District of New York, District Judge Michael A. Telesca dismissed all of the plaintiff's claims against Fischer, Jenkins and Callieri. (Docket No. 28 at page 11). The Court directed that the Amended Complaint[2] be served only upon defendants Ayers and Roshia regarding the sole remaining pat-frisk/sexual assault claim. (Docket No. 28 at page 11). With respect to this claim, the plaintiff asserts that his genitals were grabbed and squeezed during a purported pat frisk, and subsequently, that defendant Rosia placed his fingers into the plaintiff's anus. (Docket No. 23 at pages 68–69).

[2] The initial service order inadvertently directed that the "complaint," not the "amended complaint" be served. A subsequent service order directed that the Amended Complaint be served upon Ayers and Roshia. (Docket No. 33).

**Motion for Summary Judgment**

The plaintiff has filed a motion for summary judgment with respect to his sexual assault claim. (Docket No. 37).

Summary judgment is appropriate where there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law. *See Trans Sport, Inc. v. Starter Sportswear, Inc.,* 964 F.2d 186, 188 (2nd Cir.1992) citing

*Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.1991). The non-moving party must, "demonstrate to the court the existence of a genuine issue of material fact." *Lendino v. Trans Union Credit Information,* Co., 970 F.2d 1110, 1112 (2nd Cir.1992), citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material:

> **\*2**  when its resolution would "affect the outcome of the suit under the governing law" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."

*General Electric Company v. New York State Department of Labor,* 936 F.2d 1448, 1452 (2nd Cir.1991), quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The nonmoving party must come forward with enough evidence to support a jury verdict ... and the ... motion will not be defeated merely ... on the basis of conjecture or surmise." *Trans Sport,* supra, 964 F.2d at 188. Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Nippon Fire & Marine Ins. Co., Ltd. v. Skyway Freight Systems, Inc.,* 235 F.3d 53 (2nd Cir.2000) quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Here, the plaintiff asserts that "there are [no] facts that can be disputed" regarding his claim that he was sexually assaulted. (Docket No. 37 at page 1). In support of this argument, the plaintiff points to the fact that the medical records reflect his complaints to Dr. Haimes and Nurse Practicioner Sollotti regarding "extremely aggressive pat frisks." *Id.* The medical records do reflect that the plaintiff complained of sexually aggressive pat frisks. (Docket No. 37–1 at pages 2–3). However, the recording of these complaints by the medical personnel only establishes that the plaintiff complained of sexually aggressive pat frisks. This evidence does not foreclose factual issues relating to whether any such conduct on the part of the defendants' actually occurred. The defendants have denied the conduct attributed to them by the plaintiff. (Docket No. 35). The Court also notes that the plaintiff filed the instant motion prior to the exchange of substantial discovery in this matter. (Docket No. 39–1 at ¶¶ 20–21). The defendants assert that the Court should defer or deny the plaintiff's motion as premature. (Docket No. 39–1 at ¶ 17, 25).

Under the circumstances in this matter, it appears that the instant motion was filed prematurely. In any event, a question of fact exists as to whether any conduct by the defendants amounted to a sexual assault of the plaintiff. It is recommended that the plaintiff's motion for summary judgment be denied without prejudice.

**Motions to Appoint Counsel**

The plaintiff has filed two motions seeking the appointment of counsel (Docket Nos. 44 and 50). There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.,* 865 F.2d 22, 23 (2d Cir.1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin–Trigona,* 737 F.2d 1254 (2d Cir.1984). The factors to be considered in deciding whether or not to assign counsel include the following: (1) Whether the indigent's claims seem likely to be of substance; (2) Whether the indigent is able to investigate the crucial facts concerning his claim; (3) Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) Whether the legal issues involved are complex; and (5) Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *Hendricks v. Coughlin,* 114 F.3d 390, 392 (2d Cir.1997); *see also Hodge v. Police Officers,* 802 F.2d 58 (2d Cir.1986); *Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir.2001); *Abdur–Raqiyb v. Erie County Medical Center,* 2006 WL 1800710, at \*1 (W.D.N.Y., 2006).

**\*3**  In considering a motion for the appointment of counsel, the Court may also consider the merits of the plaintiff's claim. The Second Circuit has held that "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.,* 877 F.2d 170, 172 (2d Cir.1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Cooper,* 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the ... claim are thin and his chances of prevailing are therefore poor [,]" *Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir.2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit). *See also Smolen v. Corcoran,* 2013 WL 4054596 (W.D.N.Y., 2013) (In deciding whether to grant a request to appoint pro bono counsel, district courts should evaluate several factors, including the merits of the claim, the factual issues and complexity of the case, the plaintiff's ability to present the case, and the plaintiff's inability to obtain counsel.).

The Court has reviewed the facts presented herein in light of the factors required by law as discussed above. At this time, it does not appear the legal issues presented are unduly complex. The plaintiff's filings in this case reflect that he understands the issues presented and can adequately articulate his factual and legal arguments. The plaintiff's motions for appointment of counsel are denied. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se.* 28 U.S.C. § 1654.

## Motion to Amend

The plaintiff has filed a document entitled "Notice of Dispositive Motion to Revise/Amend/Correct And or Reflection of Vital Information To be Memorialized for the Record." (Docket No. 55). This document is not a motion seeking specific relief, but a supplement to the plaintiff's argument in support of his motions for the appointment of counsel. Specifically, the plaintiff contends that the counsel for the defendants "conceded" that he should have counsel appointed because the defendants' counsel gave a "head nod" when the plaintiff stated that he thought he should have appointed counsel. (Docket No. 55 at page 3). The plaintiff also sets for additional legal arguments relating to the constitutional prohibition against cruel and unusual punishment (Docket No. 55 at page 2) and an investigation by the New York State Inspector General's Office. (Docket No. 55 at pages 3–4).

In light of the above, the Court need take no further action with respect to this document. The motion should be terminated.

## Subpoenas

The plaintiff has submitted a letter dated February 1, 2015 (attached) requesting the issuance of subpoenas to take the depositions of several non-party individuals. Rule 45 of the Federal Rules of Civil Procedure provides for the issuance of subpoenas to take depositions of non-parties. The plaintiff also has been granted *in forma pauperis* status ("IFP") (Docket No. 28). A plaintiff who has been granted IFP status, is entitled to have any subpoenas served by the U.S. Marshal in this case. *Johnson v. Hubbard,* 698 F.2d 286 (6th Cir.), cert. denied, 464 U.S. 917, 104 S.Ct. 282, 78 L.Ed.2d 260 (1983); *United States Marshals Service v. Means,* 741 F.2d 1053, 1055 (8th Cir., 1984); *McNeil v. Lowney,* 831 F.2d 1368 (7th Cir.,1987), cert. denied, 485 U.S. 965, 108 S.Ct. 1236, 99 L.Ed.2d 435 (1988); *Boring v. Kozakiewicz,* 833 F.2d 468

(3rd Cir.,1987), cert. denied, 485 U.S. 991, 108 S.Ct. 1298, 99 L.Ed.2d 508 (1988); *Tedder v. Odel,* 890 F.2d 210 (9th Cir., 1989).

**\*4**  However, the IFP status does not relieve the plaintiff from having to pay the witness fees, milage as well as the costs associated with the recordation and transcription of the deposition. Under Rule 30(b)(3)(A) deposition testimony can be recorded by audio means. However, "the advisory notes clarify that any such party 'should understand that a transcript will be required ... if the deposition is later to be offered as evidence a trial or on a dispositive motion under Rule 56.' " *Gatling v. Coggiola,* 2014 WL 2918600 (W.D.N.Y.2014) quoting *Sunegova v. Village of Rye Brook,* 2011 WL 6640424, *8 (S.D.N.Y.2011) (referring to Advisory Committee Notes (1993 Amendments)). See also *Hudson v. Spellman High Voltage,* 178 F.D.R. 29, 31 (E.D.N.Y.1998) (examining party obligated to provide typed transcript of portions of recorded deposition on which that party intends to rely upon at trial). "Plaintiff's *in forma pauperis* status does not excuse [him] from producing a certified transcript of her depositions of Defendants, which is the ordinary practice in this court." *Sunegova,* 2011 WL 6640424, *8. The costs of recording the transcript is "usually borne by the party taking the deposition, even when that party is proceeding *pro se* and granted *in forma pauperis* status." *Nowlin v. Lusk,* 2014 WL 298155, *9 (W.D.N.Y.2014); *Doe v. United States,* 112 F.R.D. 183, 184 (S.D.N.Y.1986) ("[A] defendant is not required to advance a plaintiff's stenographic and transcription deposition expenses merely because a plaintiff is unable to pay for such expenses"). Further, "federal courts are not authorized to waive or pay witness fees on behalf of an in forma pauperis litigant." *Malik v. Lavalley,* 994 F.2d 90, 90 (2d Cir.1993); see also *Abuhouran v. United States,* 389 Fed.Appx. 179 (3d. Cir.2010) (The *in forma pauperis* statute, 28 U.S.C. § 1915, makes no provision for litigation expenses other than the reproduction of the record and transcripts. *See* 28 U.S.C. § 1915(c)).

In light of the above, the plaintiff's request for subpoenas is denied without prejudice at this time. The Court directs the plaintiff to formulate a plan as to how he would pay for the fees and other costs associated with the taking of depositions in this case. The plaintiff may also wish to consider using other discovery mechanisms to obtain the sought after discovery in this matter.

*In this regard, a conference to discuss the status of any remaining discovery or other pretrial proceedings in this*

*matter shall take place on June 23, 2015 at 2:00 before the undersigned.*

Inasmuch as the plaintiff is incarcerated, counsel for the defendant is directed to notify the facility at which the plaintiff is located to ensure that arrangements are made by the facility to allow the plaintiff with access to a telephone, as well as access to his legal papers relative to this action. Counsel for the defendant is directed to advise the court of a telephone number to be used for the conference.

### *Conclusion*

**\*5** Based on the above, the plaintiff's motions for the appointment of counsel (Docket No. 44 and 50) are denied. The plaintiff's "motion to amend" (Docket No. 55) is terminated as it is not a motion seeking relief.

Also, for the reasons stated above, it is recommended that the plaintiff's motion for summary judgment (Docket No. 37) be denied without prejudice and the defendants' motion to stay or defer summary judgment (Docket No. 39) be granted to the extent that the plaintiff's motion is denied without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen(14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b) (1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y. Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *F.D.I.C. v. Hillcrest Associates,* 66 F.3d 566 (2d. Cir.1995); *Wesolak v. Canadair Ltd.,* 838 F.2d 55 (2d Cir.1988); see also 28 U.S.C. § 636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y. Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/ or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See Patterson–Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.,* 840 F.2d 985 (1st Cir.1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." *Failure to comply with the provisions of Rule 72.3(a)(3)may result in the District Court's refusal to consider the objection.*

So Ordered.

### All Citations

Not Reported in F.Supp.3d, 2015 WL 2095760

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

2025 WL 3205514
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Jeremiah Folsom HERBERT, Plaintiff,
v.
Christina SANFELIZ, Devinnie M. Depuy,
Christopher Fox, and Andrew Kinderman, Defendants.

22 Civ. 04299 (KMK)(JCM)
|
Signed November 17, 2025

**Attorneys and Law Firms**

Jeremiah Folsom Herbert, Napanoch, NY, Pro Se.

Michael Howard Sussman, Sussman & Watkins, Goshen, NY, for Defendant Christina SanFeliz.

S. Cynthia Luo, Gabriel Cahn, Office of the Attorney General, New York, NY, for Defendants Devinnie M. Depuy, Christopher Fox.

Gabriel Cahn, Office of the Attorney General, New York, NY, for Defendant Andrew Kinderman.

**ORDER**

JUDITH C. McCARTHY, United States Magistrate Judge

**\*1** Plaintiff Jeremiah Folsom Herbert ("Plaintiff"), proceeding *pro se*, commenced this action on May 25, 2022, pursuant to 42 U.S.C. § 1983 against Defendants Christina SanFeliz, Devinnie M. Depuy, Christopher Fox, and Andrew Kinderman. (Docket Nos. 1, 102). Presently before the Court is Plaintiff's request to conduct the depositions of each Defendant. (Docket Nos. 138, 142). Plaintiff also requests that the Court appoint limited pro bono counsel to assist him with the depositions. (Docket Nos. 138 at 1, 142 at 2). Defendant SanFeliz responded to Plaintiff's request on October 30, 2025, (Docket No. 140), and Defendants Depuy, Fox, and Kinderman responded on November 6, 2025, (Docket No. 143). For the reasons set forth below, (1) Plaintiff's request for pro bono counsel is denied with leave to renew should circumstances change; and (2) Plaintiff's request to take each Defendant's deposition is granted in part and denied in part.

**I. PRO BONO COUNSEL**

Although there is no constitutional right to counsel in civil cases, the Court has the authority to appoint an attorney for any person unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1). However, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (citation omitted). The Court should undertake a two-step inquiry in analyzing whether appointment of counsel is appropriate. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court should "determine whether the indigent's position seems likely to be of substance." *Id.* (quoting *Hodge*, 802 F.2d at 61). Second, the Court should consider other factors such as Plaintiff's "ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason ... why appointment of counsel would be more likely to lead to a just determination." *Id.* at 203-04 (quoting *Hodge*, 802 F.2d at 61-62). As the Court "does not have a panel of attorneys who can be compelled to take on civil cases pro bono, and does not have the resources to pay counsel in civil matters, the appointment of counsel is a rare event." *Ramey v. Dep't of Corr. (N.Y.DOCS)*, No. 13-Civ-17 (CM), 2013 WL 1867342, at \*1 (S.D.N.Y. May 2, 2013).[1]

[1] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then he may request copies from Defendants' counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

This is Plaintiff's fourth application for the appointment of *pro bono* counsel in this matter. (Docket Nos. 82, 84, 97, and 135). The Honorable Kenneth M. Karas denied each of Plaintiff's prior motions without prejudice. (Docket Nos. 111, 136). The most recent denial was on October 16, 2025. (Docket No. 136). Nothing has changed since that ruling. In addition, Plaintiff has independently filed the Complaint, (Docket No. 2), an Amended Complaint. (Docket No. 57), a request to proceed *in forma pauperis*, (Docket No. 1), and numerous letters to the Court regarding discovery, (*see, e.g.*, Docket Nos. 138, 142, 143), as well as appeared *pro se* on several telephone conferences. Plaintiff appears intelligent, articulate, and has shown an ability to represent himself.

WESTLAW © 2026 Thomson Reuters. No claim to original U.S. Government Works.

**\*2** Accordingly, for the same reasons set forth in Judge Karas' prior Orders, Plaintiff's application for appointment of counsel to assist with Defendants' depositions is denied with leave to renew should circumstances change. *See Ramey*, 2013 WL 1867342, at *1-*2.

## II. DEFENDANTS' DEPOSITIONS

On July 16, 2025, the Court entered a Civil Case Discovery Plan and Scheduling Order ("Scheduling Order"). (Docket No. 113). Pursuant to the Scheduling Order, the deadline for all fact discovery and non-expert depositions was October 14, 2025; all discovery is set to be completed by December 29, 2025. (*Id.*). Although the fact discovery deadline has passed, by letters dated October 20, 2025 and October 25, 2025, Plaintiff wrote to the Court requesting to depose each Defendant for no more than three hours, (Docket No. 138 at 1), and to conduct these depositions using a tape recorder, (Docket No. 142 at 2).

On October 30, 2025, Defendant SanFeliz agreed that Plaintiff may depose her for up to three hours, but opposed Plaintiff's request to take the deposition via tape recorder as it would deprive her of the "right to read and sign her deposition and to make any changes to the transcript." (Docket No. 140). On November 6, 2025, Defendants Depuy, Fox, and Kinderman opposed Plaintiff's request to depose them, arguing: (1) Plaintiff has not demonstrated good cause to modify the Scheduling Order under Federal Rule of Civil Procedure 16(b)(4) or shown that his failure to timely notice these depositions was due to excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B); (2) Plaintiff has already received these Defendants' responses to his written interrogatories, "and it is unclear what information [he] is seeking in a three-hour deposition that he has not already obtained"; and (3) Plaintiff "has not made a sufficient showing to warrant the Court granting his request [to use a tape recorder]", nor has Plaintiff demonstrated whether he has the financial means to produce a transcript of the depositions as required under the Federal Rules. (Docket No. 143 at 1-3).

Under Rule 16 of the Federal Rules of Civil Procedure, "a [scheduling order] may be modified only for good cause and with the judge's consent." *Tatintsian v. Vorotyntsev*, No. 1:16-CV-7203-GHW, 2021 WL 780139, at *4 (S.D.N.Y. Jan. 27, 2021) (internal quotations omitted). While "Rule 16 does not set forth a definition of good cause" it generally "depends on the diligence of the moving party," who "must show that, despite its having exercised diligence, the applicable deadline

set in the court's scheduling order could not reasonably have been met." *Id.* "A significant consideration in determining whether good cause exists is whether there has already been adequate opportunity for discovery." *Kamal v. G E R Indus., Inc.*, 20 CV 5671 (VB), 2023 WL 7184440, at *1 (S.D.N.Y. Nov. 1, 2023). "Additional factors courts consider include: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that discovery will lead to relevant evidence." *Humphreys v. New York City Health & Hosps. Corp.*, No. 16-CV-9707 (VSB), 2023 WL 155446, at *3 (S.D.N.Y. Jan. 11, 2023) (internal quotation omitted). District courts have "broad discretion in deciding whether good cause exists." *Tatintsian*, 2021 WL 780139, at *4.

**\*3** Upon careful review of the record and the above factors, the Court finds that there is good cause to grant Plaintiff leave to take Defendants' depositions. *See id.* First, considering Plaintiff's *pro se* status, the Court believes that he has "exercised diligence" in representing himself throughout the discovery process. *Id.* Although Plaintiff requested to take Defendants' depositions after the fact discovery deadline passed, the delay was reasonable given his *pro se* status and current incarceration. *See id.* In addition, while there has been "adequate opportunity for discovery" since the Scheduling Order was entered on July 16, 2025, *Kamal*, 2023 WL 7184440, at *1, there is still over a month before discovery is set to be completed; thus, trial is not imminent, *Humphreys*, 2023 WL 155446, at *3. Other factors weigh in favor of allowing Plaintiff to depose Defendants, including that this discovery may lead to relevant evidence and that Defendants will not be prejudiced by a time-limited deposition. *See id.* Also, only one set of Defendants (Depuy, Fox, and Kinderman) opposed the request; Defendant SanFeliz agreed to be deposed. *See id.* Therefore, the Court finds that there is good cause for Plaintiff to depose Defendants for a maximum of three hours per deposition.

However, Plaintiff's request to transcribe Defendants' depositions via tape recorder is denied. Unless the parties stipulate otherwise, Plaintiff may not depose any party or non-party outside of the presence of "an officer appointed or designated under Rule 28" of the Federal Rules of Civil Procedure. Fed. R. Civ P. 30(b)(5)(A). In addition, there must be an authorized officer of the court or otherwise appropriate

person present to audio-record or videotape the deposition. *See* Fed. R. Civ. P. 30(c)(1) (providing that testimony "must be recorded by the officer personally or by a person acting in the presence and under the direction of the officer"); Fed. R. Civ. P. 28(c) ("A deposition must not be taken before a person who is any party's...attorney...or who is financially interested in the action."); *see also Carvalho v. Reid*, 193 F.R.D. 149, 152 (S.D.N.Y 2000). Thus, Plaintiff cannot audio-record the depositions without an authorized officer as defined in Rule 28. *See* Fed. R. Civ. P. 30. Finally, Plaintiff is responsible for his own discovery costs, and there is no requirement that Defendants or the Court pay for these expenses. *Harris v. Fischer*, No. 11 Civ. 6260 (CM)(JLC), 2012 WL 3964706, at *3 (S.D.N.Y. Sept. 10, 2012) (citing *Espinal v. Coughlin*, No. 98 Civ. 2579 (RPP), 1999 WL 1063186, at *2 (S.D.N.Y. Nov. 23, 1999) ("There is no authority that requires the federal government to pay for the discovery expenses of a pro se plaintiff in a civil case.")).

When the Court advised the parties of its intended ruling at the November 14, 2025 Telephone Conference, Plaintiff asked if he could take Defendants' depositions by written question pursuant to Rule 31 of the Federal Rules of Civil Procedure. Defendants did not object, but stated that Plaintiff could not repeat any question he previously asked Defendants in their respective interrogatories in his written questions. The Court granted Plaintiff leave to take the requested depositions by written questions, pursuant to Rule 31.

Accordingly, if Plaintiff can obtain an authorized officer to record the deposition, administer the oath, and oversee the deposition, he may proceed with each of the depositions requested, pursuant to Rule 30. Plaintiff is directed to comply with the Federal Rules of Civil Procedure when taking the depositions, and is limited to no more than three hours per Defendant. *See Tatintsian*, 2021 WL 780139, at *5. Alternatively, Plaintiff may proceed with each of the depositions by written questions, and must comply with Rule 31 in all respects. In addition, he may not repeat any question he previously asked Defendants in their respective interrogatories.

Given this ruling, Plaintiff is directed (1) to notify the Court on or before December 5, 2025, whether he intends to proceed with the depositions of each Defendant; and (2) if so, to confirm whether he will proceed with the depositions orally pursuant to Rule 30, or by written questions pursuant to Rule 31. If Plaintiff intends to proceed with the depositions, he is also directed on or before December 5, 2025, to provide the Court with a proposed deadline by which he believes he can complete the four depositions.

### III. CONCLUSION

**\*4** For the foregoing reasons, Plaintiff's request for pro bono counsel is denied; and Plaintiff's request to take Defendants' depositions is granted in part and denied in part.

### All Citations

Slip Copy, 2025 WL 3205514

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.