UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

VINCENT ARTIS,

                            Plaintiff,              **DECISION AND ORDER**

         -against-                     23 Civ. 9827 (KMK) (AEK)

PHELPS MEMORIAL HOSPITAL
ASSOCIATION and NORTHWELL HEALTH,

                        Defendants.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

This order addresses Plaintiff's objection to Defendants' response to Plaintiff's third document request, which, as listed in a letter from Plaintiff dated September 23, 2025, sought "[a]ll paperwork that Northwell is and was being investigated by the EEOC (Discrimination)[.] Northwell already agreed that they were wrong to the EEOC involving Northwell Health onboarding Discrimination reporting Documentation case # EEOC Charge No. 520-2023-01821-Northwell." ECF No. 77 at 2. Plaintiff at that time sought judicial intervention because he claimed that Defendants had not produced anything in response to his discovery requests, including this third document request. *See generally* ECF No. 77.

The case was thereafter referred to the undersigned for general pretrial supervision, ECF No. 78, and this Court scheduled an initial in-person status conference, which took place on October 14, 2025, ECF No. 80; *see* Docket Sheet, Minute Entry dated 10/14/2025. The dispute concerning what was referred to as Plaintiff's "document request 3" was discussed at the conference, and in an order memorializing the issues addressed and the rulings made during the October 14 conference, this Court "ordered Plaintiff and counsel for Defendants to meet and confer concerning Plaintiff's document request 3 so that Defendants can properly respond to that

request." ECF No. 83 at 1.  This Court held a discovery hearing on November 12, 2025, and in

an order memorializing the issues addressed and the rulings made during that hearing, this Court

directed Defendants to provide their formal written response to Plaintiff's document request 3 to

Plaintiff by November 21, 2025.  *See* ECF No. 91 at 1.[1]  This Court also "ordered that by no later

---

[1] On November 21, 2025, after identifying various general objections, Defendants provided the following response to Plaintiff's document request 3, which they characterized as seeking "[a]ll paperwork that Northwell is being investigated by the EEOC (Discrimination)":

> Defendants further object to this Request on the grounds that it is irrelevant, overbroad, unduly burdensome, not reasonably limited in time or scope, and based on a contentious factual allegation and/or legal conclusion to the extent it presumes that Northwell has engaged in conduct warranting investigation by the U.S. Equal Employment Opportunity Commission ("EEOC").  Defendants further object to this Request on the grounds that it is vague and ambiguous with respect to the terms "paperwork," "investigated," and "discrimination."  Defendants further object to this Request on the grounds that it is not proportional to the needs of this case insofar as the burden of producing "all paperwork" relating to any "investigation" commenced by the EEOC against Northwell for an undefined period of time, regardless of its relevance to the issues at stake in this case, outweighs any marginal benefit.  Defendants further object to this Request to the extent it seeks documents that come within the scope of the attorney-client privilege and/or the work product doctrine, and seeks documents in the possession, custody, and/or control of non-parties.
>
> Subject to and without waiving any of the foregoing objections, Defendants have produced relevant, non-privileged documents relating to the investigation conducted by the New York State Division of Human Rights in connection with the administrative action entitled *Vincent Artis v. Phelps Memorial Hospital Association, Tony Acosta, and Mario Pensabene*, NYSDHR Case No. 10219636 and EEOC Charge No. 16GC204040.  Defendants maintain that Plaintiff is not entitled to information or documents relating to an entirely different investigation conducted by the EEOC (EEOC Charge No. 520-2023-01821), which concerns "onboarding discrimination reporting documentation,["] and in which Plaintiff is not a named party.  This administrative matter is irrelevant to and not proportional to the needs of the claims or allegations in Plaintiff's Complaint, as it concerns an investigation relating to the contents of Northwell's employment application and a provision governing the timeframes in which an employee must commence an

than December 10, 2025, Plaintiff must file a letter regarding any outstanding discovery disputes." *Id.* at 4.  Plaintiff did not file a letter by December 10, 2025 identifying any discovery disputes.  This Court conducted another discovery hearing on December 22, 2025, and in the subsequent order memorializing the issues addressed and the rulings made during that hearing, this Court "ordered Plaintiff to file a letter by January 9, 2026 regarding why Defendants' response to Plaintiff's document request number 3 (regarding the EEOC) is deficient, and ordered Defendants to file their letter in response by January 14, 2026."  ECF No. 100 at 3.

Plaintiff thereafter filed a submission in which he argued that Defendants' response to document request 3 was deficient because, according to Plaintiff, Northwell had admitted to the discrimination charge by the EEOC[2], and since Plaintiff is asserting a claim of discrimination, his request for discovery related to this EEOC investigation should be considered relevant.  ECF No. 108.[3]  In response, Defendants "maintain[ed] that documents related to EEOC Charge No. 520-2023-01821 are irrelevant and not proportional to the claims in this action, which solely concern allegations of race discrimination and retaliation," and added in a footnote that "[t]he same applies to any other complaints or administrative charges for which Plaintiff seeks related documents, as referenced in [ECF No. 108]."  ECF No. 116 at 2 & n. 2.

---

employment-related lawsuit, which is not applicable here.  To the extent Plaintiff seeks such information or documents relating to EEOC Charge No. 520-2023-01821, Plaintiff can file a FOIA request with the EEOC.

ECF No. 98-2 at 7-8 (citing page numbers assigned by ECF).

[2] This Court understood Plaintiff to be referring here to EEOC Charge No. 520-2023-01821.

[3] Plaintiff also cited other lawsuits brought against Northwell unrelated to claims of discrimination.  *See* ECF No. 108 at 2.  These other lawsuits have no bearing on the issue of whether Plaintiff is entitled to discovery related to the investigation of EEOC Charge No. 520-2023-01821.

During the April 10, 2026, discovery hearing before this Court, and in an order memorializing the rulings made at that hearing, Defendants were directed to "provide additional information to the Court as to (i) the nature of the EEOC investigation that is the subject of Plaintiff's discovery requests and how it relates to Plaintiff's claims in this case; and (ii) whether there was a public resolution of the EEOC investigation." ECF No. 157. This Court added that "[i]f there was a public resolution of the EEOC investigation, the letter must explain whether (and if so, when) Defendants are prepared to produce documents sufficient to identify and explain that public resolution to Plaintiff." *Id.* In response, Defendants filed a letter stating that

> the EEOC investigation that is the subject of Plaintiff's discovery request—EEOC Charge No. 520-2023-01821—has not yet been resolved. Accordingly, Defendants are unable to produce any documents identifying or explaining a public resolution of that matter.
>
> In any event, Defendants maintain that discovery related to EEOC Charge No. 520-2023-01821 is irrelevant and not proportional to the needs of this case, which concerns only Plaintiff's allegations of race discrimination and retaliation. EEOC Charge No. 520-2023-01821 involves an investigation into Northwell's employment application language concerning the timeframe for commencing employment-related claims. Defendants have never taken the position that Plaintiff's claims in this action are untimely. Defendants therefore object to discovery regarding EEOC Charge No. 520-2023-01821 because it is unrelated to both Plaintiff's claims of race discrimination and retaliation and Defendants' defenses against such claims.

ECF No. 160 at 2.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). There are only two claims remaining in this action—for (1) race discrimination and (2) retaliation, both in violation of Title VII. *See* ECF Nos. 62, 71. There is neither a claim asserted by Plaintiff nor a defense raised by Defendants related to the timing of when Plaintiff commenced this action. The EEOC

4

investigation associated with EEOC Charge No. 520-2023-01821 is therefore irrelevant to any issues in the case.  More generally, just because there is some mention of "discrimination" in connection with an investigation involving a defendant does not mean that such investigation is automatically relevant for purposes of discovery in a case where the plaintiff has alleged "discrimination" in a totally different context.  *See Perez v. Consol. Edison Co. of New York,* No. 02-cv-2832 (SAS), 2003 WL 22586492, at *2 (S.D.N.Y. Nov. 7, 2003) (in upholding denial of discovery related to sexual harassment complaint made by another employee in case involving claim of racial discrimination, the court rejected the premise "that *any* complaint—and every document in the accompanying investigative file—made by a minority is relevant to claims of racial discrimination, regardless of whether those complaints have anything to do with race") (emphasis in original); *Heredia v. Heyman*, 203 F.R.D. 112, 113 (S.D.N.Y. 2001) (denying motion to compel where discovery seeking to establish pattern of discrimination and conspiracy to cover up civil rights violations was outside scope of complaint and irrelevant to plaintiff's retaliation claim); *see also Dukes v. Geo Grp. Inc*, No. 18-cv-116 (MCR) (MJF), 2018 WL 11491435, at *8 (N.D. Fla. Dec. 6, 2018) (denying plaintiff's request for all complaints of discrimination, regardless of the type of discrimination, as overly broad).  Finally, compelling Defendants to produce discovery related to an ongoing, non-public investigation that has no bearing on any issue would not be proportional to the needs of the case.

Accordingly, Defendants' objections to Plaintiff's requests for discovery related to the EEOC investigation associated with EEOC Charge No. 520-2023-01821 are **SUSTAINED**. Plaintiff's request for discovery into this matter is **DENIED**.

* * * * * * * * * *

5

In addition, the Court has reviewed the letter filed by Plaintiff on April 22, 2026, regarding Plaintiff's intention to use at trial (and, potentially, at the summary judgment stage) all of the exhibits used by Defendants when taking his deposition, as well as his request to "add . . . into evidence" a printout of a Google search of legal matters involving Northwell Health and the EEOC.  *See* ECF No. 162.  The deposition exhibits should be provided to Plaintiff if they have not been provided already, and will be considered part of the discovery record in this case, available for use by either party subject to the applicable provisions of the Federal Rules of Civil Procedure and the Federal Rules of Evidence.  Discovery materials ordinarily are not filed with the Court unless submitted as part of a motion or another application seeking specific relief from the Court; accordingly, the exhibits from Plaintiff's deposition have not been provided to the Court, and should not be provided at this time.  As to the printout of the Google search results, the Court considers this to be part of Plaintiff's disclosures pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, and Defendants are now on notice that Plaintiff may attempt to use this document to support his claims.  *See* Fed. R. Civ. P. 26(a)(1)(A)(ii), (iii).  Typically, such printouts would not be admissible for purposes of summary judgment or trial, but a final determination as to admissibility will be made at the appropriate time.  In the meantime, until a trial is scheduled in this case, it is not necessary for Plaintiff to file any of his intended trial exhibits on the public docket.

The Clerk of Court is directed to mail a copy of this order to the *pro se* Plaintiff.

Dated: May 22, 2026
      White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge